IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GALEN J. SUPPES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16-CV-04235-MDH |
| ) | |
| KATTEH V. KATTI and ) | |
| CHRISTOPHER M. FENDER, ) | |
| in their individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are Defendants' Motions to Dismiss for lack of subject matter jurisdiction (Doc. 12, 21), Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 16), Plaintiff's Motion for Preliminary Injunction (Doc. 18), and Plaintiff's Motion for Partial Summary Judgment (Doc. 19). The motions are ripe for this Court's review following the filing of suggestions and oral argument before this Court on October 3, 2016 (Doc. 32). For the reasons set forth in this Order, the Court grants Defendants' Motion to Dismiss, and denies Plaintiff's motions for leave, for preliminary injunction, and for partial summary judgment.

## BACKGROUND

Plaintiff Galen Suppes is a Professor of Chemical Engineering at the University of Missouri. He filed this case against Kattesh Katti and Christopher Fender, both of whom are employees of the University. Plaintiff filed his original Complaint on August 18, 2016 (Doc. 1), and filed a First Amended Complaint on August 23, 2016 (Doc. 3).

The issues here are borne of an employment dispute. Plaintiff claims that Defendants, acting on behalf of the University and its Curators, have wrongfully demanded that Plaintiff

1

assign to the University his inventions – Plaintiff coins the term "Inventive Thought" because the inventions giving rise to the dispute have not yet entered the patent application process. Although they are not attached to either Complaint, it is clear from the face of the Complaints that the dispute relates to an assignment agreement and forms that require the disclosure of inventions.

Plaintiff's First Amended Complaint contains within it five counts. Count I seeks declaratory judgment under the Tenth Amendment of the United States Constitution, claiming that Defendants have violated the Tenth Amendment by seeking assignment of Plaintiff's "Inventive Thought." Count II seeks declaratory judgment under the Fourteenth Amendment, claiming that Defendants violated Article I, Section 8 of the United States Constitution, in that "Defendants Fender and Katti violated Congress-specified *quid pro quo* requirements of Patent Law." Count III seeks declaratory judgment under the Fifth and Fourteenth Amendments, claiming that Defendants demanded assignment of Plaintiff's "Inventive Thought" without providing just compensation and that Defendants punished Plaintiff when he refused to provide the assignment. Count IV seeks declaratory judgment and requests that the Court take control of two pending state court cases. Count V seeks declaratory judgment and requests that the Court determine Plaintiff is entitled to $7.5 million in damages.

## ANALYSIS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts retain the power to hear cases only if authorized to do so by both the Constitution and by statute. *Id.* When a party seeks federal court jurisdiction over a matter, the party asserting jurisdiction has the burden of proving that the

federal court has the power to hear the case. *Id.* If a federal court lacks jurisdiction over the subject matter of the case, "it must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's First Amended Complaint alleges, "This federal court has subject matter jurisdiction over this action under and by virtue of the Court's jurisdiction of an individual's constitutional rights," and cites 28 U.S.C. § 1331. (Doc. 3, paragraph 5). It further alleges, "This federal court has supplemental jurisdiction over counts pursuant to 28 U.S.C. § 1367 to the extent that a cause of action arises out of the same case or controversy." (Doc. 3, paragraph 7). The Complaint asserts that "Plaintiff has rights to cause of action from Section 1983 of the 1871 Civil Rights Act, against Defendants for violation of constitutional rights." (Doc. 3, paragraph 15).

It is clear that Plaintiff seeks to invoke this Court's federal question jurisdiction to hear the case. He cites 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction), 42 U.S.C. § 1983, and a number of constitutional provisions and Amendments. Plaintiff also cites 28 U.S.C. § 2201 for this Court's power to issue declaratory judgments regarding the rights of the parties to the case.

Defendants filed Motions to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. 12, 21). The Defendants' primary argument reflects a facial challenge to the Plaintiff's claim that subject matter jurisdiction is present. It asserts that Plaintiff's bare invocation of federal statutes and constitutional provisions are insufficient to meet Plaintiff's burden to prove the existence of subject matter jurisdiction.

"Federal-question jurisdiction exists when 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 906 (8th Cir. 2005) (quoting *Franchise Tax Bd. v. Construction Laborers*

3

*Vacation Trust*, 463 U.S. 1, 27–28 (1983)). However, merely raising a federal question in a complaint is insufficient to confer federal-question jurisdiction upon a court. *Id.* at 907. A plaintiff does not safely clear the subject matter jurisdiction hurdle by simply citing a federal statute or a constitutional provision as the chosen vehicle for a cause of action. "[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin*, 407 F.3d at 907. Defendants challenge the First Amended Complaint's claim of subject matter jurisdiction on its face. Thus, this Court will "determine whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint and drawing all reasonable inferences in favor of the plaintiff." *Id.* (internal citations omitted).

The Court will interpret Plaintiff's First Amended Complaint liberally, and it construes each of the five counts as being brought under 42 U.S.C. § 1983. A plaintiff who seeks a remedy under Section 1983 must prove two elements: (1) the defendants acted under color of state law, and; (2) the allegedly wrongful conduct of the defendants deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 572 (8th Cir. 2009). The Court will presume that, as employees of the University of Missouri putting into effect the University's policies, the Defendants acted under color of state law. Thus, the only question that must be addressed is whether any of Plaintiff's claims relate to the deprivation of a constitutionally protected federal right.

Upon examining the First Amended Complaint, it is clear that Plaintiff's federal law claims are patently meritless. The bulk of Plaintiff's dispute with Defendants is one of contract

4

law. Although Plaintiff seeks to give them a constitutional dimension, none of his claims reflect a right to a remedy under Section 1983. Either the constitutional right he seeks to enforce does not exist, or the precedents of various federal courts demonstrate beyond any doubt that what he claims cannot be a violation of the Constitution.

Count I claims a violation of the Tenth Amendment by the Defendants. However, the Tenth Amendment acts solely as a restraint on the power of Congress. *See New York v. United States*, 505 U.S. 144, 156-57 (1992). Thus, Defendants are incapable of violating the Tenth Amendment, and Plaintiff has no colorable claim to a remedy under the Tenth Amendment.

Count II alleges a violation of the Fourteenth Amendment, and the alleged violation comes in the form of a claim that the Defendants have, in some manner, violated Article I, Section 8, clause 8 of the Constitution. Giving Plaintiff's First Amended Complaint and his arguments a very liberal interpretation, the Court understands Count II to claim that Defendants' actions are an invalid exercise of authority because they have invaded an area of law that is the exclusive domain of Congress. Thus, as the argument might go, the enforcement of a constitutionally invalid act represents a denial of due process under the Fourteenth Amendment. This allegedly invalid act is the enforcement of a contractual provision that requires Plaintiff to assign certain inventions to the University of Missouri. Specifically, Plaintiff takes the position that his "Inventive Thought" – which is essentially his creation of an invention that has not yet achieved patented or patent pending status – is protected by the Constitution from a demand of assignment from the University of Missouri or Defendants.

Plaintiff's argument is functionally no different than that made by a university professor and staff member in *Regents of University of New Mexico v. Knight*, 321 F.3d 1111 (Fed. Cir. 2003). There, the professor and staff member asserted that 35 U.S.C. § 261 vested ownership of

5

an invention in an inventor, and that no employment policy or employment contract could override the statute. *Id.* at 1118. However, the Federal Circuit noted that Section 261 permits the assignment of all or part of an inventor's interest in a patent and rejected the argument. *Id.* at 1119.

Congress executes Article I, Section 8, clause 8 through statutes. Section 261 is one of those statutes. If an assignment of interests is permissible under Section 261, it is necessarily permissible under the Constitution. This includes the assignment of inventions that have not yet entered the patent application process. Thus, it is beyond debate that a contract to assign rights to a patent, future patent, or to an invention that has not yet entered the patent process is enforceable under the Constitution. Thus, Plaintiff's claim in Count II is patently meritless.

Count III suffers the same fate as Count II, and for the same reasons. Plaintiff asserts that Defendants – on behalf of the Curators of the University of Missouri – seek assignment of Plaintiff's inventions without just compensation, thereby violating the Fifth and Fourteenth Amendments. However, any contract that requires the assignment of Plaintiff's rights to inventions is valid for the purposes of the Constitution. "[A]n employer owns an employee's inventions if the employee is party to a contract to that effect." *University Patents, Inc. v. Kligman*, 762 F. Supp. 1212, 1219 (E.D. Penn. 1991). The fact that one of the parties to that contract is a state institution is irrelevant.

Count IV asks the Court to do something that it simply cannot do. Plaintiff asks the Court to essentially wrest jurisdiction of two cases away from the state courts. Plaintiff is a defendant in one of the state cases, Mo. Case No. 09BA-CV02314, and could have sought removal to the federal courts – subject to the determination that subject matter jurisdiction existed – but that period has long since lapsed. That case was originally filed in 2009, and 28 U.S.C. § 1446(b)

only permits a defendant to remove a case within thirty days of receipt of the initial pleading setting forth a federal claim. The other case was filed in 2015 by Plaintiff in state court. Mo. Case No. 15BA-CV03064. As Plaintiff is also the plaintiff in the state case, he has no right to seek removal. *See* 28 U.S.C. 1446(a). Furthermore, no aspect of Count IV can be construed as demonstrating the violation of a constitutional right for the purpose of creating a federal question.

Count V is merely a claim for damages and possesses no features that might create a federal question. As no other count survives even the barest form of scrutiny, Count V must also fall.

Each of Plaintiff's federal law claims is patently meritless. Therefore, this Court grants Defendants' Motion to Dismiss due to a lack of subject matter jurisdiction. The question not raised in this case, and not addressed here, is the validity or effect of the assignment requirement under state contract law. Even if that issue were raised before this Court, the Court would not have subject matter jurisdiction to determine the merits because the issue would not raise a federal question.

Plaintiff has also filed a Motion for Leave to File Second Amended Complaint (Doc. 16) and a Motion for a Preliminary Injunction (Doc. 18). Plaintiff's proposed Second Amended Complaint seeks to add the Dean of his department, Elizabeth Loboa, as a defendant. It also seeks to add a new count to Plaintiff's claim, asserting that Loboa colluded to wrongfully terminate Plaintiff's employment based on his refusal to assign his inventions. Plaintiff's Motion for Leave to amend his complaint is dismissed for two key reasons: (1) "In the absence of federal subject matter jurisdiction, the Court is without authority to grant a motion for leave to amend the complaint to create such jurisdiction," *Buttram v. Central States, S.E. and S.W. Areas health*
7

*and Welfare Fund*, 781 F. Supp. 1429 (E.D. Mo. 1992), and; (2) even if the Court could grant the motion, the amendment would not create subject matter jurisdiction. The proposed amended complaint adds nothing that would create federal question or diversity jurisdiction; Plaintiff's claim of wrongful termination, as presented in the proposed amendment, is fundamentally based on his other, patently meritless, claims. Furthermore, Plaintiff's claim of collusion is premature. Although termination proceedings may have begun against him, he has not yet been terminated. No wrong has yet been committed against him that would create a cause of action.

As to Plaintiff's Motion for Preliminary Injunction (Doc. 18), it must be denied as it seeks to enjoin the action of someone not a party to this case, Elizabeth Loboa.

Finally, Plaintiff's Motion for Partial Summary Judgment (Doc. 19) must also be denied, as this Court lacks subject matter jurisdiction over Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, this Court hereby **GRANTS** Defendants' Motions to Dismiss for lack of subject matter jurisdiction (Docs. 12 and 21), **DENIES** Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 16), Motion for Preliminary Injunction (Doc. 18), and Motion for Partial Summary Judgment (Doc. 19).

IT IS SO ORDERED:
**Date: October 18, 2016**

                                    */s/ Douglas Harpool*
                                    **DOUGLAS HARPOOL**
                                    **UNITED STATES DISTRICT JUDGE**