NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GALEN J. SUPPES,**
*Plaintiff-Appellant*

v.

**KATTESH V. KATTI, CHRISTOPHER M. FENDER,**
*Defendants-Appellees*

_____

2017-1142

_____

Appeal from the United States District Court for the Western District of Missouri in No. 2:16-cv-04235-MDH, Judge M. Douglas Harpool.

_____

PER CURIAM.

**O R D E R**

Upon review of this recently docketed appeal, the court considers whether to transfer this case to the United States Court of Appeals for the Eighth Circuit.

Galen J. Suppes is a professor of chemical engineering at the University of Missouri. It appears that when Mr. Suppes began his employment he entered into written agreements in which he purportedly consented to assign to the University ownership and control of "any invention" created within the scope of his employment duties.

The Curator of the University has filed suit against Mr. Suppes in the Thirteenth Judicial Circuit of Missouri claiming breach of contract, breach of duty of loyalty, and fraudulent concealment and seeking a declaration of ownership. The Curator alleges that Mr. Suppes has developed several inventions and, without notifying the University, filed several patent applications on his own that are subject to assignment under Mr. Suppes' employment agreements.

It appears that in response to that suit, Mr. Suppes filed the underlying five-count declaratory judgment action in the United States District Court for the Western District of Missouri against two Curator employees. He sought generally a declaration that the United States Constitution and the patent laws prevent defendants from demanding assignment of his inventions. He further asked the district court to take jurisdiction over the parties' pending related Missouri state law actions. Finally, Mr. Suppes stated that he had a cause of action "from Section 1983 of the 1871 Civil Rights Act, against Defendants for violation of constitutional rights.'"

More specifically, Mr. Suppes' complaint asks for a determination that: (a) the defendants' demand of an assignment of inventions violates the Tenth Amendment; (b) that the defendants "violated Congress-specified *quid pro quo* requirements of Patent Law," because 35 U.S.C. § 261 only specifies assignment of patents and patent applications not inventions; (c) that "Plaintiff's Fifth and Fourteenth Amendment rights require Defendant Fender to provide Plaintiff just compensation for exclusive rights to patents or patent applications paid for by Plaintiff;" and (d) that he is entitled to $7.5 million in damages.

On October 18, 2016, the district court granted the defendants' motion to dismiss Mr. Suppes' complaint for lack of subject matter jurisdiction, finding that "the bulk of [Mr. Suppes'] dispute with Defendants is one of con-

tract law," and that "[e]ach of Plaintiff's federal law claims is patently meritless." On December 19, 2016, the district court denied Mr. Suppes' motion to alter the judgment. Mr. Suppes has filed a notice of appeal seeking review of the district court's judgment in this court.

This is a court of limited jurisdiction, which does not include section 1983 cases. It is true that this court has jurisdiction over appeals "in any civil action arising under . . . any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1). But, "[w]here the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action," the case cannot be said to arise under the patent laws because "it is the character of the threatened action, and not of the defense," that controls the inquiry. *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248 (1952).

Here, it appears that the University has not only threatened to assert a state law action for declaration of ownership and breach of contract but has actually filed such action, and this case is in response to that filing. Moreover, the essence of Mr. Suppes' declaratory judgment claims appear to be the assertion of defenses against the University seeking ownership and assignment of the inventions as a result of Mr. Suppes' breach of contract. Thus, patent law does not appear to create this dispute and transfer may be appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) Within 30 days of the date of filing of this order, Mr. Suppes is directed to show cause why this appeal should not be transferred to the Eighth Circuit. The defendants may respond within fourteen days after Mr. Suppes' response. Mr. Suppes may reply within seven days after the defendants' response.

(2) The briefing schedule is stayed.

          FOR THE COURT

          /s/ Peter R. Marksteiner
          Peter R. Marksteiner
          Clerk of Court

s31